21-3069-cv
Dowe v. Leeds, Morelli and Brown

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-three.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

MAUREEN DOWE, individually and on behalf of those Class Members similarly situated, ELVIE MOORE, ESTHER BUCKRAM,

*Plaintiffs-Appellants*,

v.                                                    No. 21-3069-cv

LEEDS, MORELLI AND BROWN PC, LEEDS, MORELLI AND BROWN LLP, LENARD LEEDS, STEVEN A. MORELLI, JEFFREY K. BROWN, ERIC SCHWIMMER, LEEDS BROWN LAW P.C., LEEDS AND MORELLI, PC; PRUDENTIAL FINANCIAL INC., parent and successor in interest

to PRUDENTIAL SECURITIES INCORPORATED,

*Defendants-Appellees.**

-------------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | MAX FOLKENFLIK, Folkenflik & McGerity, New York, NY |
| FOR DEFENDANTS-APPELLEES SCHWIMMER AND PRUDENTIAL FINANCIAL INC.: | VINCENT A. SAMA, Seyfarth Shaw LLP, New York, NY |
| FOR OTHER DEFENDANTS-APPELLEES: | CHERYL F. KORMAN (Janice J. DiGennaro, Shari Claire Lewis, *on the brief*), Rivkin Radler LLP, Uniondale, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs Maureen Dowe, Elvie Moore, and Esther Buckram appeal from a November 16, 2021 judgment of the United States District Court for the Southern District of New York (Cote, <u>J.</u>) granting a motion to compel arbitration as to both Prudential Financial, Inc., as successor in interest to Prudential Securities Inc. ("PSI"), and Eric Schwimmer, a PSI officer (collectively, the "Prudential

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

Defendants"), and granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) as to the law firm Leeds, Morelli and Brown P.C., its alter egos, and its named attorneys (collectively, the "LMB Defendants"). The Plaintiffs challenge both rulings. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Our brief recitation of the factual background is based on the allegations in the Plaintiffs' second amended complaint. At various times in the late 1990s each of the Plaintiffs engaged Leeds & Morelli, P.C. ("LMB") to bring racial discrimination claims against their employer, PSI. Unbeknownst to the Plaintiffs, however, LMB separately agreed with PSI to ensure that the Plaintiffs would "go through a fake mediation process, called 'binding mediation,'" in which they would settle their claims for much less than they were worth. App'x 237. In exchange, LMB received additional payments from PSI. All of the Plaintiffs ultimately settled their claims with PSI and, on the advice of LMB, were presented with and signed the signature page of a settlement agreement between LMB and PSI without being presented with the remainder of the agreement.

On December 15, 2016, Dowe learned of the undisclosed payment

arrangement between LMB and PSI.  On December 12, 2018, the Plaintiffs filed this lawsuit.  All of the Defendants moved to compel arbitration, or in the alternative, as relevant here, to dismiss the complaint on statute of limitations grounds.  The District Court granted the Prudential Defendants' motion to compel arbitration.  See Dowe v. Leeds Brown Law, P.C., 419 F. Supp. 3d 748, 759 (S.D.N.Y. 2019).  And although it denied the LMB Defendants' motion to compel arbitration, it granted their motion to dismiss the complaint because it found that the statute of limitations barred the Plaintiffs' claims.  Id. at 759, 763.

On appeal, the Plaintiffs argue that the District Court erred in granting the motion to compel arbitration because the Plaintiffs never validly consented to arbitration with PSI and never formed a valid contract with PSI.  The Plaintiffs further argue that the District Court should not have dismissed their claims as time-barred because neither the settlement agreement nor subsequent news coverage or litigation provided them with notice that LMB had probably defrauded them in a manner such that they could have, by "exercis[ing] reasonable diligence, . . . discovered the basis for [their] claims."  Epiphany Cmty. Nursery Sch. v. Levey, 94 N.Y.S.3d 1, 7 (1st Dep't 2019).  In the alternative, the Plaintiffs argue that the LMB Defendants are equitably estopped

4

from raising the statute of limitations defense.

The District Court considered and rejected each of these arguments. Having considered the parties' arguments on appeal and reviewed the District Court's dismissal of the Plaintiffs' complaint de novo, see Alix v. McKinsey & Co., Inc., 23 F.4th 196, 202 (2d Cir. 2022), we affirm substantially (except as noted in footnote 1) for the reasons stated by the District Court. As the District Court correctly determined, subsequent news coverage and litigation placed the Plaintiffs on inquiry notice prior to 2016 under New York law.[1] We also agree with the District Court's conclusion that the LMB Defendants are not equitably estopped from raising the statute of limitations defense. Finally, as for the arbitration clause, the District Court correctly determined that the Plaintiffs claimed fraud in the inducement of the settlement agreements generally rather than "fraud in the inducement of the arbitration clause itself," and that their claim was therefore for "arbitrators to decide." Dowe, 419 F. Supp. 3d at 759

---

[1] The District Court separately held that LMB's advice to the Plaintiffs that they sign the settlement agreement without having read it in full, despite the fact that the signature page indicated that the signor had in fact read the agreement, placed the Plaintiffs on inquiry notice of LMB's fraud. Even if the Plaintiffs had read the full agreement, however, we are not persuaded that they would have been on inquiry notice, as nothing in the agreement could have reasonably alerted a reader to the secret payment arrangement.

(quoting <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 445 (2006)).

We have considered the parties' remaining arguments not addressed in this order and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] While this appeal was pending, one of the appellees, Lenard Leeds, died.   In a series of letters, the Plaintiffs requested that we substitute Leeds's estate for him and the LMB Defendants requested that we dismiss any claim against Leeds.   Because we affirm, however, none of the Defendants-Appellees are subject to liability.   Construing the requests as motions under Federal Rule of Appellate Procedure 43(a)(1), the motions are denied as moot.   <u>See</u> Fed. R. App. P. 43(a)(1) ("If a party dies after a notice of appeal has been filed or while a proceeding is pending in the court of appeals, . . . [and i]f the decedent has no representative, any party may suggest the death on the record, and the court of appeals may then direct appropriate proceedings.").